## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ELUL LLC,

     **Plaintiff,**

     **v.**

**STACY R. GERMANY,**

     **Defendant.**

**CIVIL ACTION NO.
1:25-CV-7200-MHC-CCB**

**ORDER AND FINAL REPORT AND
RECOMMENDATION**

     This matter is before the Court for consideration of Defendant Stacy R. Germany's pro se application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), (Doc. 1), and notice of removal, (Doc. 1-1).[1] From the documents Defendant attaches to the notice of removal, it appears that Plaintiff ELUL LLC initially filed this matter in the Magistrate Court of DeKalb County, Georgia, seeking to evict Defendant from a premises. (Doc. 1-2). Defendant seeks to remove the matter to this Court. For the reasons set forth below, it is hereby **RECOMMENDED** that this case be **REMANDED**

---

[1] Although the notice of removal purports to be on behalf of Stacey R. German and "all other occupants," (Doc. 1-1 at 1), Germany is the only named Defendant and the only person who has filed anything in this Court. As such, the Court treats Germany as the removing Defendant.

to the Magistrate Court of DeKalb County. For the purposes of remand only, Defendant's motion to proceed *in forma pauperis*, (Doc. 1), is **GRANTED**.[2]

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When an action is removed from state court, this Court must remand it if—at any time before final judgment—it appears that this Court lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). Indeed, this Court is required to ensure its own subject-matter jurisdiction, even if that question is not raised by the parties. *See, e.g., Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

---

[2] Defendant did not complete all of the application. For example, in response to the questions asking her to list her employment history, her available cash, her assets, or anyone owing her money, she did not provide any response. (Doc. 1 at 2-3). However, given that this Court so clearly lacks subject-matter jurisdiction, I find that the interests of judicial economy are best served by simply granting leave to proceed *in forma pauperis* and recommending that the case be remanded. The alternative, to direct Defendant to more fully complete the application, would serve only to delay the inevitable remand and the eviction proceedings in state court.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The corollary to this rule is that absent diversity of citizenship, the only basis for removal is when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lindley v. F.D.I.C.*, 733 F.3d 1043, 1050 (11th Cir. 2013) (internal quotation marks omitted); *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal quotation marks and alterations omitted).

Here, the notice of removal makes clear that the state-court action is an eviction proceeding, where Plaintiff alleges that Defendant is in possession of a premises in DeKalb County, Georgia, for which Defendant has failed to pay past-due rent. (Doc. 1-2). Plaintiff demands possession of the premises, past-due rent, rent accruing to the date of judgment or vacancy, and other fees. *Id.* Defendant's notice of removal does not identify any federal claim that Plaintiff asserts in the state-court action. And the

lack of a federal claim in Plaintiff's state-law proceeding is not surprising, because dispossessory actions are typically a product of state law—here O.C.G.A. § 44-7-50. *See Mwangi v. Fed. Nat'l Mortg. Ass'n*, 164 F. Supp. 3d 1403, 1415 (N.D. Ga. 2016) (holding that "[u]nder Georgia law, the exclusive method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to O.C.G.A. § 44-7-50 et. seq." (internal quotation marks and alteration omitted)).

Instead of alleging that Plaintiff's suit is based upon federal law, Defendant appears to assert counterclaims or defenses under federal law. Specifically, Defendant complains of "various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution, by the Constitution of the State of GEORGIA . . . and by federal law, and which deprivations are violations of 18 U.S.C. §§ 241 and 242." (Doc. 1-1 at 4). But under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state tribunal. *See Beneficial Nat'l Bank*, 539 U.S. at 6; *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (noting that "[t]he presence of a federal defense does not make the case removable"); *Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) (holding that a "defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon

4

this court for the entire action"). Simply put, "[b]ecause landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis for federal question jurisdiction." *See Round Valley Indian Housing Auth. v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995).[3]

Defendant additionally cites 28 U.S.C. § 1443 in support of removal. (Doc. 1-1 at 1). That statute provides for removal of any action commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). A removal petition under § 1443(1) must satisfy a two-part test. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality." *Id.* (internal quotation marks omitted). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.*

Defendant makes no allegations of being denied the right to enforce a civil-rights law stated in terms of racial equality; she merely references, in conclusory

---

[3] In any event, "[s]ections 241 and 242 are criminal statutes, and they do not provide a private right of action." *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1327 (N.D. Ga. 2009).

fashion, "the denial or the inability to enforce, in the courts of a State, one or more rights under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." (Doc. 1-1 at 3-4). That is not enough. *See, e.g., FPA5 Encore LLC v. McFall*, No. 1:18-CV-4286-TWT-JFK, 2018 WL 4938729, at *2 (N.D. Ga. Sept. 12, 2018) (holding that "[a]llegations of § 1443 jurisdiction on the vague and conclusory grounds presented by Defendant herein have been found insufficient to establish this court's removal jurisdiction in dispossessory proceedings"), *adopted by* 2018 WL 4931949 (N.D. Ga. Oct. 11, 2018); *Sparkysa, LLC v. Binder*, No. 1:18-CV-1543-CC-JKL, 2018 WL 3745066, at *2 (N.D. Ga. April 16, 2018) (finding that an eviction proceeding was not removable under § 1443 where Defendant did not allege violation of any specific civil rights stated in terms of racial equality), *adopted by* 2018 WL 3732756 (N.D. Ga. May 11, 2018).

Defendant also cites 28 U.S.C. §§ 1441(c) and (e). (Doc. 1-1 at 1). But neither provision provides a basis for removal here. "For an action to be removable under § 1441(c), it must include a claim arising under federal law." *Hallmark Willow Chase Cove LLC v. Jenkins-Tribble*, No. 1:25-CV-00479-TRJ-JEM, 2025 WL 1606143, at *4 (N.D. Ga. Feb. 5, 2025), *adopted by*, 2025 WL 1606941 (N.D. Ga. Feb. 25, 2025). And, as previously discussed, Plaintiffs' claim in the dispossessory action does not arise under federal law. Section 1441(e), meanwhile, allows for removal of an action that implicates 28

6

U.S.C. § 1369—which, in turn, applies to an action involving "minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). Nothing like that is alleged here.

Additionally, Defendant cites the statute allowing for removal of actions based on diversity of citizenship. (Doc. 1-1 at 1, *citing* 28 U.S.C. § 1441(b)). Diversity jurisdiction exists for all civil actions where the amount in controversy exceeds $75,000 and which are between citizens of different states. 28 U.S.C. § 1332(a)(1). And diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states in the Civil Cover Sheet that she is a resident of Stone Mountain, Georgia, and does not allege citizenship in any other state. (Doc. 1-3 at 1). As a citizen of Georgia, Defendant cannot remove the state-court proceeding on the basis of diversity jurisdiction. Nor has Defendant demonstrated that the amount-in-controversy in this matter meets the $75,000 threshold.

Finally, although Defendant cites the statute providing for supplemental jurisdiction, 28 U.S.C. § 1367, that provision does not supply a basis for federal-question jurisdiction in this matter. Supplemental jurisdiction allows the Court to exercise federal jurisdiction over certain claims for which it does not have original

jurisdiction when they are joined with claims that, standing on their own, meet federal subject matter requirements. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Thus, because this Court does not have federal-question or diversity jurisdiction, neither does it have supplemental jurisdiction under § 1367. See *Palmer Realty v. Wilson*, No. 1:18-cv-138-TWT-JKL, 2018 WL 1882821, at *2 n.2 (N.D. Ga. Jan. 12, 2018), *adopted by,* 2018 WL 1884980 (N.D. Ga. Feb. 2, 2018).[4]

In sum, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. 1), is **GRANTED**, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

This is a Final Report and Recommendation, there is nothing further pending in this case, and the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

---

[4] Defendant additionally cites 28 U.S.C. 1446(d). That provision merely concerns the procedure for removal and does not support an argument that this case may be in federal court.

8

**IT IS SO ORDERED AND RECOMMENDED,** this 16th day of January, 2026.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE